## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE COOPER-CLARK FOUNDATION,<br>individually and on behalf of all others<br>similarly situated,<br><br>     Plaintiff,<br>v.<br><br>SCOUT ENERGY MANAGEMENT, LLC,<br>et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br><br>No. 22-4048-KHV |

### MEMORANDUM AND ORDER

This matter is before the Court on defendants' <u>Unopposed Motion To Redact And Maintain Under Seal Certain Provisionally Sealed Documents</u> (Doc. #75) filed May 14, 2024.  For reasons stated below, the Court sustains defendants' motion in part.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  <u>See Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  <u>Id.</u>; <u>see Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on

specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Initially, defendants seek to redact information which declarants or experts obtained from two gas processing agreements.  The Court previously determined that the gas processing agreements should remain sealed.  See Text Entry Order (Doc. #65) filed February 21, 2024.  The Court therefore sustains defendants' motion to redact the information from the gas processing agreements, which includes defendants' proposed redactions on page 7 of the Declaration Of Marshall Dempsey (Doc. #71-2), page 4 of the Declaration Of Rebecca Peralta (Doc. #71-4) and page 6 of the Expert Report Of Stephen L. Becker, Ph.D. (Doc. #71-19).[1]

Defendants also seek to redact portions of declarations and expert reports which contain (1) confidential and proprietary information about how defendants and third parties gather gas, (2) information about the purchase of defendants' gas by third parties, (3) information about how defendants gather, process and purchase gas from third parties, (4) images of proprietary gathering maps and (5) confidential marketing contract information and terms.  As to these categories of documents, defendants argue that the information is derived either from (1) confidential and proprietary terms of agreements which are not shared with defendants' suppliers, customers, purchasers or competitors or (2) agreements which require defendants to maintain the information as confidential.  Defendants argue that disclosure of the unredacted documents "would negate

---

[1]      Defendants also seek to exclude unspecified portions of the Expert Report Of Lesa S. Adair (Doc. #71-20), which they assert include proprietary information about the two gas processing agreements.  Adair identifies the gas processing agreements as two of the 230 documents that she considered, but the text of her report does not refer directly to the agreements and defendants have not identified any proposed redactions which include information derived from the agreements.  One footnote of the Adair report cites pages of one of the gas processing agreements, but defendants have not included the footnote or the text which cites the footnote in their proposed redactions.  See Expert Report Of Lesa S. Adair (Doc. #71-20) at 24 n.41.  The Court therefore overrules defendants' motion in this regard.

Defendants' competitive advantage in the gas marketing marketplace" and "could also expose Defendants to claims" that they breached the terms of the various confidentiality and nondisclosure provisions in the various agreements.  <u>Unopposed Motion To Redact And Maintain Under Seal Certain Provisionally Sealed Documents</u> (Doc. #75) at 5.  Defendants do not specifically explain how any competitor could gain such a competitive advantage from access to the information or how they likely will be exposed to lawsuits for breach of contract.  On balance, defendants have not shown how their interests outweigh the public interest in access to the materials that form part of the basis of this lawsuit.[2]  <u>See</u> <u>Colony Ins.</u>, 698 F.3d at 1242; <u>see also</u> <u>Stipulated Protective Order</u> (Doc. #30) filed January 4, 2023 at 4 (because of presumption in favor of open and public judicial proceedings, order "will be strictly construed in favor of public disclosure and open proceedings wherever possible").

On this record, defendants have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  <u>See</u> <u>Colony Ins.</u>, 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  For these reasons, except for the details of the two gas processing agreements, the Court overrules defendants' motion to redact documents.  <u>See</u> <u>United States v. Carter</u>, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out

_____

[2]  Defendants also argue that a portion of the <u>Expert Report Of Stephen L. Becker, Ph.D.</u> (Doc. #71-19) discloses the "private information of a non-party (and potential unnamed putative class member) that has not consented to the disclosure of their royalty information." <u>Unopposed Motion To Redact And Maintain Under Seal Certain Provisionally Sealed Documents</u> (Doc. #75) at 3.  Defendants do not explain how this individual's privacy interest presents a countervailing interest which is sufficient to overcome the presumption of public access.

authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.").

**IT IS THEREFORE ORDERED** that defendants' <u>Unopposed Motion To Redact And Maintain Under Seal Certain Provisionally Sealed Documents</u> (Doc. #75) filed May 14, 2024 is **SUSTAINED in part**. The Court sustains defendants' motion as to their proposed redactions on page 7 of the <u>Declaration Of Marshall Dempsey</u> (Doc. #71-2), page 4 of the <u>Declaration Of Rebecca Peralta</u> (Doc. #71-4) and page 6 of the <u>Expert Report Of Stephen L. Becker, Ph.D.</u> (Doc. #71-19). The Court otherwise overrules defendants' motion.

Dated this 28th day of May, 2024 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
