IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE COOPER-CLARK FOUNDATION, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>SCOUT ENERGY MANAGEMENT, LLC, et al.,<br><br>      Defendants. | CIVIL ACTION<br><br>No. 22-4048-KHV |

## ORDER TO SHOW CAUSE

On August 27, 2024, the Court held oral argument on <u>Plaintiff's Motion For Class Certification And Brief In Support</u> (Doc. #57) filed February 2, 2024. The Court's disposition of plaintiff's motion for class certification and the merits of plaintiff's claims appear to depend on an unsettled question of Kansas law.

Plaintiff alleges that defendants have breached various gas leases because they deducted certain processing costs necessary to make the gas a "marketable" product under Kansas law. The implied covenant to market provides that absent an agreement to the contrary, the operator (lessee) has "the duty to produce a marketable product, and the [operator] alone bears the expense in making the product marketable." <u>Sternberger v. Marathon Oil Co.</u>, 257 Kan. 315, 330, 894 P.2d 788, 799 (1995); <u>see also</u> <u>Coulter v. Anadarko Petro. Corp.</u>, 296 Kan. 336, 362, 292 P.3d 289, 306 (2013) (lessee must bear entire cost of putting gas in condition to be sold); <u>Fawcett v. Oil Producers, Inc. of Kan.</u>, 302 Kan. 350, 352, 352 P.3d 1032, 1034–35 (2015) (operators must "make gas marketable at their own expense"). Under the Marketable Condition Rule, once gas is in marketable condition, the operator can charge the royalty owner its proportionate share of (1) "the

cost to transport the gas to a market" and (2) "the cost to enhance the value of the gas stream, e.g., the processing costs to extract a saleable component such as helium."  Coulter, 296 Kan. at 362, 292 P.3d at 306; see Sternberger, 257 Kan. at 331, 894 P.3d at 800 ("Once a marketable product is obtained, reasonable costs incurred to transport or enhance the value of the marketable gas may be charged against nonworking interest owners.").

Plaintiff argues that "when parties define a market for gas through their conduct, that gas is marketable when it is in a condition acceptable for that intended market."  Plaintiff's Motion For Class Certification And Brief In Support (Doc. #57) at 5 (quoting Cooper Clark Found. v. Oxy USA Inc., 58 Kan. App. 2d 335, 347, 469 P.3d 1266, 1276 (2020)).  Defendants argue that "gas is and can be marketable at the well even when it is not sold there and even when the gas is enhanced by processing or otherwise prior to its sale."  Defendants' Response To Plaintiff's Motion For Class Certification And Brief In Support (Doc. #71) filed May 7, 2024 at 17 (citing Coulter, 292 P.3d at 306–07; Sternberger, 894 P.2d at 800; and Matzen v. Hugoton Prod. Co., 182 Kan. 456, 462, 321 P.2d 576 (1958)).

Pursuant to K.S.A. § 60-3201, the Court may certify a question of law to the Kansas Supreme Court if it may be determinative of the cause pending in this Court and the Kansas Supreme Court or Kansas Court of Appeals has no controlling precedent on the question.  The decision to certify rests in the sound discretion of the federal district court.  Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990).  Certification is particularly appropriate if the question to be certified is novel and the state law unsettled.  See id.

**IT IS THEREFORE ORDERED that on or before September 5, 2024 at 5:00 PM, the parties shall show good cause in writing why the Court should not certify to the Kansas Supreme Court the following question of Kansas law:  under the Marketable Condition Rule,**

-3-

**does an operator's duty to solely bear the expense in making the product marketable continue until the gas is in a condition to be sold to (a) any potential purchaser of the gas or (b) the intended purchaser of the gas from the royalty owner's well?**

**IT IS FURTHER ORDERED that on or before September 12, 2024 at 5:00 PM, each party may file a reply to the response filed by the opposing party.**

Dated this 28th day of August, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
